**IN IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ESTATE OF RUTH F. GRIFFIN, VERN E. SMITH and CYNTHIA R. MONKS, CO-EXECUTORS OF THE ESTATE OF RUTH F. GRIFFIN,<br><br>Plaintiffs,<br><br>v.<br><br>REVERSE MORTGAGE SOLUTIONS INC. and NATIONSTAR MORTGAGE LLC d/b/a CHAMPION MORTGAGE COMPANY,<br><br>Defendants. | Civil Action No. _____ |

**NATIONSTAR MORTGAGE LLC d/b/a CHAMPION MORTGAGE COMPANY'S
NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Nationstar Mortgage LLC ("Nationstar") d/b/a Champion Mortgage Company, by an through its counsel, McGuireWoods LLP, hereby removes the action currently pending in the Court of Common Pleas of Butler County, Pennsylvania, at Docket No. 2018-10741, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and states removal is based on supplemental jurisdiction and diversity jurisdiction, as Plaintiff and Defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. In support of its notice, Nationstar states as follows.

**The State Court Action**

1. On or about August 6, 2018, Plaintiff Estate of Ruth F. Griffin ("Plaintiff") filed a Complaint in the Court of Common Pleas of Butler County, Pennsylvania, at Docket No. 2018-10741. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a copy all process and pleadings served on Nationstar.

2. Nationstar was served with Plaintiff's Complaint on or about August 10, 2018.

3. The Complaint seeks, *inter alia*, compensatory and punitive damages from Nationstar for five separate causes of action for Trespass, Intentional Interference with Contractual Relations, violations of The Fair Credit Extension Uniformity Act 73 P.S. 2770 et seq., violations of the Consumer Protection Act, 73 P.S. §§201-1 – 201-9.2, and Fraud. *See generally* Compl.

## The Parties

4. Plaintiffs are the Estate of Ruth F. Griffin ("Estate"), co-executors Vern E. Smith and Cynthia R. Monks ("Executors") (collectively "Plaintiffs") and Executors are adult individuals and citizens of the Commonwealth of Pennsylvania, and the late Ruth F. Griffin was domiciled in Butler County, Pennsylvania. Compl. ¶ 1-2. As such, Plaintiffs are citizens of Pennsylvania.

5. Defendant Nationstar is a foreign limited liability company and, therefore, is a citizen of all states of which its members are citizens. *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) ("[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen."). Nationstar has two members: Nationstar Sub 1 LLC ("Sub 1"), and Nationstar Sub2 LLC ("Sub 2"). Sub 1 has a 99% membership interest in Nationstar, and Sub 2 has a 1% membership interest. Nationstar has no other members. Both Sub 1 and Sub 2 are Delaware limited liability companies. The sole member of both Sub 1 and Sub 2 is Nationstar Mortgage Holdings, Inc. ("NSM Holdings"). NSM Holdings is a Delaware corporation with its principal place of business in Coppell, Texas. Therefore, NSM Holdings is a citizen of Delaware and Texas. 28 U.S.C. § 1332(c) (providing that "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."). Sub 1 and Sub 2 are citizens of Delaware and Texas because their citizenships are determined by the

citizenship of NSM Holdings, their sole member. Likewise, because Sub 1 and Sub 2 are the only members of Nationstar, Nationstar is also a citizen of Delaware and Texas. "A corporation is deemed a citizen of every state by which it is incorporated, as well as a state in which it has its principal place of business." *Kimble v. Rajpal*, 566 Fed. Appx. 261, 262 (4th Cir. Va. 2014) *citing* 28 U.S.C. 1332 (c)(1)(2012). Therefore, Nationstar is a citizen of Delaware and Texas for diversity purposes.

6. Reverse Mortgage Solutions Inc. ("RMS") is a corporation organized under the laws of Delaware, with its principal place of business in Houston, Texas. Therefore, RMS is a citizen of Texas and Delaware for diversity purposes. 28 U.S.C. § 1332(c)(1).

### Removal Jurisdiction

7. This Court has removal jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, 1446, and all other applicable bases for removal. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. As set forth below, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

9. As required by 28 U.S.C. § 1441, Nationstar removes this case to the United States District Court for the Western District of Pennsylvania, the court embracing Butler County, Pennsylvania, where Plaintiff filed the underlying state court action.

10. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

11. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is filed within thirty days of service of the summons and Complaint on Nationstar on August 10, 2018. *See* Exhibit A.

12. In accordance with 28 U.S.C. § 1446(d), Nationstar has given contemporaneous written notice of this Notice of Removal to Plaintiff and the Prothonotary for Butler County.

### Diversity Jurisdiction

13. Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States. . . ."

14. As set forth above, Plaintiff is a citizen of Pennsylvania, and defendants Nationstar and RMS are each citizens of both Texas and Delaware.

15. Accordingly, complete diversity citizenship exists between the parties because Plaintiff and all Defendants are citizens of different states.

16. Additionally, Plaintiff demands, *inter alia*, compensatory and punitive damages across five counts, **each of which** seeks judgment in an undefined amount in excess of $35,000. *See generally* Compl.

17. "[T]o determine whether the minimum jurisdictional amount has been met in a diversity case removed to a district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (citation omitted).

18. "Typically, claims brought by a single plaintiff against a single defendant can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other," unless the claims are merely "alternative bases for recovery." *Ketz*, 2007

4

WL 1726514, at *3 (citations omitted) (finding breach of contract claims and bad faith claims, each seeking damages in excess of $50,000, were separate and distinct claims with an aggregated amount in controversy in excess of $100,000 as a result); *see also Angus v. Shiley Inc.*, 989 F.2d 142, 145–46 (3d Cir. 1993) (affirming denial of motion to remand).

19.  Here, Plaintiffs, through each of their five claims, demand judgment in an undefined amount in excess of $35,000 for each claim. The claims are separate and distinct claims and not alternative theories of recovery. *See Ketz*, 2007 WL 1726514, at *3. Accordingly, these claims have an aggregated amount in controversy in excess of $175,000. *See id.*; *Angus*, 989 F.2d at 145–46.

20.  Accordingly, based upon the pleadings and the evidence of record, Nationstar has met its burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

21.  Further, undersigned counsel has confirmed that RMS consents to removal.

22.  All facts alleged herein pertaining to the citizenship of the parties and the amount in controversy are alleged to be true as of the time of the filing of the Complaint in state court and as of the time of filing of this Notice of Removal.

**WHEREFORE,** by this Notice of Removal, Defendant Nationstar Mortgage LLC, hereby removes this action from the Court of Common Pleas of Butler County, Pennsylvania, and requests that this action proceed as properly removed to this Court.

                                                Respectfully submitted,

Date:  September 4, 2018          By:      */s/ John E. Joseph*
                                                    John E. Joseph
                                                    PA Id. 88818
                                                    McGuireWoods LLP
                                                    Tower Two-Sixty
                                                    260 Forbes Avenue, Suite 1800
                                                    Pittsburgh, Pennsylvania 15222-3142
                                                    T:  412-667-6018
                                                    F:  412-402-4185
                                                    jejoseph@mcguirewoods.com
                                                    *Attorneys for Defendant Nationstar*
                                                    *Mortgage LLC d/b/a Champion Mortgage*
                                                    *Company*